**Arturo GARCIA–RODRIGUEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71263.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM**

Arturo Garcia–Rodriguez, Veronica Garcia–Medina, and Jonathan Espinoza–Medina, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their "motion to vacate and reinstate previous order," which the BIA construed as a motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for an abuse of discretion the denial of both a motion to reopen, *see de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004), and a request for a continuance, *see Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988). We deny the petition for review.

We decline to consider petitioners' argument that the BIA should have equitably tolled the filing deadline on their untimely motion to reopen because the BIA also ruled on the merits of the motion.

In their motion to reopen, petitioners contended their previous counsel rendered ineffective assistance by failing to petition this court for review of the BIA's order affirming the IJ's order denying petitioners a continuance to procure evidence of hardship, and denying their applications for cancellation of removal.

Richard D. Fraade, Esq., Law Office of Richard D. Fraade, Beverly Hills, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, U.S. Department of Justice Civil Div./Office of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In the underlying proceedings, the IJ granted petitioners' request for a one-month extension to file their applications for cancellation of removal, and then accepted the applications they filed three months late. Moreover, petitioners had nine months between their initial hearing and their merits hearing in which to procure evidence to supplement their claim of hardship. *See Baires,* 856 F.2d at 91 (the denial of a continuance is a question which "must be resolved on a case by case basis according to the facts and circumstances of each case"). Petitioners' failure to make a showing that they have attempted at any stage to procure any supplemental evidence to prove hardship, undercuts their claim that their due process rights were violated when they were denied a continuance. *See Perez–Lastor v. INS,* 208 F.3d 773, 777 (9th Cir.2000) (requiring that an alien show prejudice to establish a due process claim).

Because the petitioners' due process challenge is without merit, and because this court lacks jurisdiction to review the IJ's discretionary hardship determination, the BIA did not abuse its discretion when it determined that petitioners failed to demonstrate they were prejudiced by their previous counsel's failure to file a petition for review in this court. *See Mohammed v. Gonzales,* 400 F.3d 785, 793–94 (9th Cir.2005) (noting that in order to prevail on an ineffective assistance claim, an alien must demonstrate that he was "prejudiced by counsel's performance," and to determine prejudice, the court "must consider the underlying merits of the case to come to a tentative conclusion as to whether [the] claim if properly presented would be viable.") (internal citations and quotation marks omitted).

**PETITION FOR REVIEW DENIED.**